**HOFACRE v HERSHBERGER**

Ohio Appeals, 9th Dist, Wayne Co

No 916.   Decided Feb 14, 1934

Starn & Etling, Wooster, for plaintiff in error.

Marie S. Schaffter, Wooster, for defendant in error.

494

## OPINION

By FUNK, J.

Eight errors are complained of as prejudicial to defendant, which we will consider in the order set forth in the brief.

1. It is claimed that the trial court, after reading all the pleadings, failed to clearly state the issues raised by the pleadings and the evidence.

The real issues in this case were whether the proximate cause of the collision was the negligence of the defendant, by doing or not doing any or all of the negligent acts or omissions to act as alleged in the petition, or the negligence of the plaintiff, by doing or not doing any or all of the negligent acts or omissions to act as alleged in the cross-petition, or the negligence of both parties.

While the court may not have summarized the allegations of the pleadings as fully and clearly as might have been done, we

think, when the charge is considered as a whole, that the criticism made is not well taken, as the court fully charged on the subjects of the proximate cause of the collision and the negligence and contributory negligence of the respective parties in relation thereto, as set forth in the pleadings, and stated to the jury the circumstances under which a verdict could be returned for either party. Moreover, counsel made no request that the trial judge more fully state the issues raised.

2. It is contended that it was prejudicial error for the court to say to the jury in the charge that—

"You will have with you in your jury room these pleadings, which you may examine for the purpose of ascertaining what these claims are."

Standing alone, this language might be error, but when taken in the connection in which it was said, and considered with the charge as a whole, we do not find it to be reversibe error.

3. It is contended that the court erred in submitting to the jury the question of plaintiff's negligence, when it was admitted that plaintiff failed to comply with the statute requiring a light on his buggy, and when the court had charged before argument, at defendant's request, that the failure to have such light was negligence as a matter of law.

In the parts of the charge referred to in this claimed error, the court was speaking more particularly of the negligence of the defendant, and what reference there may have been to the negligence of plaintiff was as to whether it was the proximate cause of the accident; and in view of the fact that the court not only before argument but in the general charge stated that plaintiff's violation of the statute was negligence per se and that plaintiff could recover only in the event it was not a proximate cause of the collision, we do not find error prejudicial to defendant in this contention.

4. It is contended that the language used by the court in at least three instances (at pp. 209, 214 and 215 of the record), assumed that defendant was guilty of negligence.

While the language used by the court might, in a technical sense, be construed in the manner claimed by counsel, the court in the same sentence used the same language as to the cross-petition, and we have no idea that the jury so understood or so construed the instruction of the court;

and we cannot see how the jury could have so construed it in the light of the charge as a whole. We therefore find no reversible error in this particular.

5. It is claimed that the charge of the court in reference to §12603, GC, took away from defendant his prima facie right to drive at a rate not exceeding 45 miles an hour.

We cannot agree with this contention. If counsel desired the court to further explain this section, they should have so requested.

6. It is contended that the court erred in charging §§6310-22 and 6310-28, GC, and also in charging that the parties were required to so conduct themselves as to mitigate any damages occurring.

Although the law to which said sections relate was not involved in the instant case, and the question of the mitigation of damages was not raised by counsel on either side, we think that what the court said concerning those matters did not confuse the jurors in the least, and that it did not constitute error prejudicial to defendant.

7. It is claimed that the court erred in giving plaintiff's special requests to charge Nos. 2 and 3. The complaint as to said request No. 2 is to the use of the words "improperly lighted vehicle" as applied to the plaintiff's buggy. Request No. 3 reads as follows:

"The absence of light or lights on a vehicle may not be a proximate cause of injury when the vehicle is actually seen or when it is illuminated by other light or lights or when it should have been seen."

It is claimed that the court erred in giving said request No. 3 because there is no evidence that defendant saw the buggy before it was too late to avoid the collision, and further because the latter part of this request was not qualified by the words "in the exercise of ordinary care on the part of defendant."

The evidence of plaintiff was to the effect that while he had no light attached to his buggy as required by law, he had a flash light lighted in his hand and was waving it for defendant's benefit; that it was moonlight; that plaintiff could see defendant coming for about 1000 feet before he reached the place of collision; and that he, plaintiff, was driving with the right-hand wheels of his buggy over on the berm on his right side of the road at the time of the collision, and that he had been driving there for some distance before the collision occurred. There was also other evidence

tending to corroborate plaintiff's testimony.

Under such evidence, we find no error in the use of the words "improperly lighted vehicle."

While the third request might properly have been qualified as suggested, we find that the giving of this request as it is did not constitute reversible error when considered together with the record as a whole.

8. It is claimed that the verdict is against the manifest weight of the evidence.

From our reading of the record, the evidence was such as to fully warrant the jury in finding that, at the time of the collision and for some time before it occurred, the plaintiff's horse and buggy were on his right side of the road, with the right wheels of his buggy on the berm to his right of the hard surface part of the road, and that the failure of plaintiff to have a light attached to his buggy as required by statute was not a proximate cause of the accident.

Finding no reversible error in the record, the judgment is affirmed.

WASHBURN, PJ, and STEVENS, J, concur in judgment.